UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE MUNOZ,

    Petitioner,

-vs-                                                               Case No.  6:09-cv-1956-Orl-31GJK

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## ORDER

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11).  Petitioner filed a reply (Doc. No. 13) and an amended reply (Doc. No. 16) to the response.

    Petitioner alleges two claims for relief in his habeas petition:  1) when the trial court denied his request for a continuance it precluded him from having "counsel of his choice"; and 2) trial counsel was ineffective for failing to conduct a pretrial investigation and to prepare a defense.

I.     *Procedural History*

Petitioner and two other individuals were charged by information with trafficking in 28 grams or more of heroin (count one), conspiracy to traffic in 28 grams or more of heroin (count two), solicitation to purchase cocaine (count three), and solicitation to traffic in 3,4-methylenedioxy methamphetamine "(MDMA") (count four). Petitioner was charged in all four counts.  A jury trial was held, and the jury entered the following verdicts:  a) guilty of the lesser included offense of sale or delivery of heroin as to count one; b) guilty as to count two; and c) not guilty as to counts three and four.  The trial court sentenced Petitioner to imprisonment for a term of fifteen years as to count one and thirty years as to count two, with the sentences to run concurrently.  The trial court also required Petitioner to pay certain fines and costs, including investigative costs totaling $818.30.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which entered a written opinion affirming the convictions, striking the imposition of costs, and remanding the case in order to provide the State with the opportunity to substantiate the amount of the investigative costs.

Petitioner next filed a petition for writ of habeas corpus with the state appellate court, which was denied.

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, along with an amended/supplemental motion.  The trial court held an evidentiary hearing and denied the motions.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

2

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

3

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.      *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id.* at 687-88.  A court must

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

*III. Analysis*

*A. Claim One*

Petitioner alleges that, when the trial court denied his request for a continuance, it precluded him from having "counsel of his choice." In support of this claim, Petitioner asserts that his family paid Mr. Greg Pond approximately $10,000 to represent Petitioner

in his criminal trial, and Mr. Pond "was very active in the case." When the case was set for trial, however, Petitioner was also being represented by Mr. Edwin Mills, who had previously represented a co-defendant in the same case.[3] Prior to trial, a waiver of conflict of hearing was held because of Mr. Mills' prior representation of the co-defendant. At the hearing, the trial court informed Petitioner that Mr. Pond was unable to practice law in the State of Florida and that, as a result, Mr. Mills had been appointed to represent him. (Appendix B, Transcript of Appointment of Counsel Proceedings at 3.) The trial court found that Petitioner had waived any conflict, and Mr. Mills was appointed to represent Petitioner at trial. *Id*. at 5.

On the morning of trial, Mr. Mills informed the trial court that he had spoken with Mr. Pond; that Mr. Pond was now able and willing to represent Petitioner; and that a continuance was being sought. (Appendix B, Transcript of Trial at 5.) The trial court denied the request for a continuance, explaining as follows:

> The Court: Mr. Pond has been here on other occasions, explained to me that he has a license to practice law from [the] Florida Bar, but for some considerable period of time was not permitted to engage in the business of practicing law in Florida because he is a Canadian citizen . . . . So Mr. Pond has . . . not been your lawyer for period of time, which is why I appointed Mr. Mills to represent you. Mr. Mills tells me that he is ready for trial, and Mr. Pond is not here . . . . [W]e have tried numerous times to have this case brought for trial. You have been through about four of five different lawyers now, and today is the day . . . and I'm . . . simply not going to continue it further.

*Id*. at 9. This claim was raised on direct appeal.

---

[3]The co-defendant had entered a plea.

The Sixth Amendment secures the right to the assistance of counsel, and it also includes the right to select, and be represented by, one's preferred attorney; thus, trial courts must recognize a presumption in favor of a defendant's counsel of choice. *Wheat v. United States*, 486 U.S. 153, 164 (1988). The right to counsel of choice, however, is not absolute, and "[s]uch right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988).

Federal habeas corpus courts afford broad discretion to state trial courts on matters of continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Id.* As a result, only "an unreasoning and arbitrary insistence" on speed in the face of a justifiable request for delay would provide grounds for reversal. *Id.* at 11-12.

In the present case, in denying the motion, the trial court determined that it had tried on numerous occasions to have the case brought to trial, that Petitioner had been "through about four or five different lawyers," that the case had just been continued a few days prior, and that Mr. Mills was ready to proceed to trial. Several continuances previously sought by Petitioner had been granted by the trial court. Petitioner has shown nothing to demonstrate an abuse of discretion by the trial judge nor has he shown

prejudice resulting from the denial of his motion for a continuance.[4] Clearly, the trial court provided a compelling rationale for denying the continuance, and, based on Petitioner's actions in the case, the trial court was well within its discretion in denying a continuance. As a result, the trial court did not violate Petitioner's right to counsel of his choice. Consequently, the denial of this claim by the state courts was neither contrary to, nor an unreasonable application of, clearly established federal law, and Petitioner is not entitled to habeas relief on his first claim.

B.   *Claim Two*

Petitioner states that trial counsel was ineffective for failing to conduct a pretrial investigation and to prepare a defense. Among other matters, Petitioner mentions that counsel failed to pursue an entrapment defense and did not investigate whether the informant threatened and pressured Petitioner. This claim was raised in Petitioner's Rule 3.850 motion and was denied.

An evidentiary hearing was held on this claim, and Mr. Mills testified that, while he was appointed to represent Petitioner about two weeks before trial, he was adequately prepared. (Appendix F, Transcript of Evidentiary Hearing at 9.) Mr. Mills was well-versed in the case because he had represented a co-defendant of Petitioner, and, through his investigation of the co-defendant's case, he participated in discovery, which encompassed the entire investigation conducted by police and "an extensive amount of Discovery in the

---

[4]In fact, Mr. Mills was able to get not guilty verdicts as to counts three and four and a lesser included offense verdict as to count one.

way of police reports, surveillance [and] tape recordings of undercover phone conversations." *Id*. at 10. He also took depositions of police officers. *Id*.

Mr. Mills noted that, had Petitioner told him that the confidential informant pressured him or threatened him, he would have considered the matter important in his defense of the case. *Id*. at 16-17. Petitioner never told Mr. Mills that the informant did anything that would have supported an entrapment defense. *Id*. 17-18. In fact, Mr. Mills stated that the only matter Petitioner mentioned with regard to entrapment was that the informant had called him several times, which was not unusual in this type of case. *Id*. at 18, 22). Mr. Mills also testified that, had Petitioner told him that the police investigation tapes revealed any matter affecting his case, he would have acted on it. *Id*. at 19, 22.

Petitioner must provide evidence, not mere conclusory allegations, that counsel overlooked exculpatory information that an investigation would have revealed. *Barkauskas v. Lane,* 946 F.2d 1292, 1295 (7th Cir. 1991); *cf. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation). In the present case, Petitioner has not shown that counsel failed to locate any exculpatory evidence, and his bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). The Court finds that counsel acted reasonably with regard to this matter. Moreover, in light of the evidence presented at trial supporting the convictions, Petitioner has not shown prejudice with regard to this matter. As such, the state court's rejection of this claim was not contrary to, nor did it

involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Jorge Munoz is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 21st day of March, 2011.

Copies to:
OrlP-2 3/21
Counsel of Record
Jorge Munoz

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.